FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2019 APR -1 AM 10: 29

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

| | |
|---|---|
| **TIMOTHY KOHLHAUS**<br>24809 Trunk Line Road<br>Henderson, Maryland 21640<br>Caroline County | * <br> * <br> * |
| **LORRETTO KOHLHAUS**<br>24809 Trunk Line Road<br>Henderson, Maryland 21640<br>Caroline County<br>**Plaintiffs,** | * <br> * <br> * <br> * |
| v. | * |
| **BOARD OF TRUSTEES OF**<br>**HEALTH BENEFIT FUND –I**<br>**LOCAL 298**<br>**AFL-CIO LIBERTY PLAN**<br>201 W. Valley Stream Blvd.<br>Valley Stream, NY 11580 | * <br> * <br> * <br> * |
|    **Serve On:**<br>   Board Of Trustees Of<br>   Health Benefit Fund –I<br>   201 W. Valley Stream Blvd.<br>   Valley Stream, NY 11580 | * <br> * <br> * |
| **DILLON'S BUS SERVICE, INC.**<br>7479 New Ridge Road<br>Hanover, MD 21076 | * <br> * |
|    **Serve Resident Agent:**<br>   The Corporation Trust, Inc.<br>   2405 York Road - Suite 201<br>   Lutherville Timonium, MD 21093<br>   **Defendants.** | * <br> * <br> * <br> * |

Case No.: _____

ELH 19 CV 0974

\* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs Timothy and Lorretto Kohlhaus, by their attorneys, respectfully file this Complaint alleging that the Defendants violated the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended ("COBRA") and state as follows:

## STATEMENT OF FACTS PERTAINING TO COBRA VIOLATIONS

1. Plaintiff Timothy Kohlhaus (hereinafter "Plaintiff Timothy Kohlhaus") was employed with Dillons Bus Service (hereinafter "Dillon") beginning in 2014 and participated in the health and dental insurance plan known as local 298 Health Benefit Fund-1 Local 298 AFL-CIO Liberty Plan ("the Plan").

2. Plaintiff Lorretto Kohlhaus is Plaintiff Timothy Kohlhaus's wife and was a beneficiary in the Plan because Plaintiff Timothy Kohlhaus was a participant in the Plan in early 2014.

3. Defendant Dillon entered into a collective bargaining agreement throughout Plaintiff Timothy Kohlhaus's employment with Local 298 AFL-CIO, which included health and dental insurance.

4. Defendant Dillon had more than twenty (20) fulltime employees throughout the time that Plaintiff Timothy Kohlhaus was employed there and continuing up to the present time.

5. Defendant Board of Trustees of the Health Benefit Fund-1. ("Defendant Board of Trustees") is a third party claims administrator headquartered in New York and doing business in the State of Maryland.

6. Defendant Board of Trustees administered and performed all of the duties as Plan Administrator for the Plan.

7. Defendant Board of Trustees was also responsible for sending out COBRA notices to plan participants and beneficiaries including Plaintiffs Timothy and Lorretto Kohlhaus.

8. Plaintiff Timothy Kohlhaus stopped working and was separated from his employment with Defendant Dillon on or about July 23, 2018 and his hours were reduced to zero because he never returned to active employment.

9. On September 28, 2018, Plaintiff Timothy Kohlhaus was not terminated for gross misconduct but was forced to stop working due to severe illness.

10. Plaintiff Timothy Kohlhaus did not receive the required COBRA notice from the Defendants when he stopped working in July 2018.

11. When Plaintiff Timothy Kohlhaus stopped working in July 2018 and had his hours reduced to zero that was a qualifying event under the COBRA statute and Defendants were required to send him the Plaintiffs the COBRA the notice within forty 44 days of his stopping work.

12. Plaintiff Timothy Kohlhaus has incurred thousands of dollars of medical bills as a result of Defendants' failure to provide the COBRA notice and coverage sooner to him.

13. Plaintiff Lorretto Kohlhaus never received a COBRA notice from Defendants although she was entitled to receive such a notice based on her status as a beneficiary in the Plan.

14. Plaintiff Lorretto Kohlhaus was unable to obtain medical treatment as a result of the loss of health insurance coverage in 2019.

15. On December 27, 2018, Plaintiff Timothy Kohlhaus, alone, received a COBRA notice that was late and required retroactive payment of multiple health insurance premiums for no apparent reason. (See Exhibit 1 – attached to the complaint)

16. Plaintiff Lorretto Kohlhaus was not named in the COBRA notice and continued never to receive a COBRA notice.

17. Defendants failed to send a COBRA notice to Plaintiff Lorretto Kohlhaus up to and including the filing of the instant complaint.

18. Plaintiffs Timothy and Lorretto Kohlhaus have sustained damages as a result of Defendants' COBRA violations.

19. Plaintiffs have incurred medical expenses that have not been reimbursed and were forced to forego medical treatment due to the absence of COBRA notices.

## JURISDICTION & VENUE

20. This Court, pursuant to 28 U.S.C. §1331, has original subject matter jurisdiction over this matter based on 29 U.S.C. §§ 1161 et seq., COBRA post-employment health insurance continuation coverage.

21. The unlawful acts occurred in this District.

22. Defendants do business in this District.

## VIOLATIONS OF LAW

## COUNT I – COBRA - FAILURE TO PROVIDE TIMELY NOTICE UNDER

23. Plaintiffs Timothy and Lorretto Kohlhaus reiterate, reallege, and incorporate by reference all allegations contained in this Complaint in their entirety.

24. Plaintiffs Timothy and Lorretto Kohlhaus are and were "covered employees" within the meaning of COBRA, at all relevant times to this lawsuit.

25. The Defendants' "group health plan" was a plan within the meaning of COBRA.

26. Plaintiff Timothy Kohlhaus stopped working for Defendant Dillon in July 2018 and his hours were reduced to zero at that time, which is and was a "qualifying event" within the meaning of 29 U.S.C. §1163(2).

27. Defendants were required to notify Plaintiffs of their right to elect to continue health insurance coverage for 29 months following Plaintiff Timothy Kohlhaus's stopping work and his hours being reduced to zero pursuant to 29 U.S.C. §1162(2)(a)(i).

28. Defendants were required to notify Plaintiffs that they had 44 days, from the date of Plaintiff Timothy Kohlhaus stopping work, to elect COBRA continuation coverage, pursuant to 29 U.S.C. §1165(a)(1)(B).

29. Defendants were required to notify Plaintiffs of their right to elect continuation coverage under COBRA within 44 days of Plaintiff Timothy Kohlhaus stopping work and his hours being reduced to zero pursuant to 29 U.S.C. §§ 1166.

30. Defendants were required to notify Plaintiffs that they had 45 days after the date of the election of continued coverage in which to make the first premium payment pursuant to 29 U.S.C. §1162(3).

31. Defendants failed to notify Plaintiffs of their right to elect COBRA continuation coverage in a timely manner from the date that Plaintiff Timothy Kohlhaus stopped working.

32. Defendants violated the notice requirements of COBRA.

33. As a result of Defendants' violation of federal law, Plaintiffs were not allowed to continue health insurance coverage in a timely manner and suffered monetary damages and were unable to obtain appropriate medical treatment.

34. Relief Requested: Plaintiffs respectfully request that: (a) judgment be entered in their favor; (b) Plaintiffs be awarded the full statutory penalty for each day Defendants violated COBRA; (c) Defendants be required to pay for and reimburse Plaintiffs for all damages and losses sustained by Plaintiffs; (d) Plaintiffs be provided all other relief that may be necessary to make Plaintiffs whole for the wrongs committed against by Defendants; (e) pre- and post-judgment interest be awarded; and (f) attorney fees and costs be awarded to Plaintiffs.

Respectfully submitted,

*[signature]*

Richard P. Neuworth (Bar No.: 01052)
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 443.273.1202
fax. 410.296.8660
rn@joblaws.net

*[signature]*

Devan M. Wang (Bar No.: 30211)
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 443.273.1207
fax. 410.296.8660
dw@joblaws.net

*Attorneys for the Plaintiffs*