**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TIMOTHY KOHLHAUS and
LORRETTO KOHLHAUS,

Plaintiffs,

v.

BOARD OF TRUSTEES OF HEALTH BENEFIT FUND – I LOCAL 298 AFL-CIO LIBERTY PLAN and DILLON'S BUS SERVICE, INC.,

Defendants.

Civil No. 19-CV-974-ELH

Electronically Filed

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**
**DILLON'S BUS SERVICE, INC.**
**TO THE COMPLAINT OF TIMOTHY KOHLHAUS AND LORRETTO KOHLHAUS**

Pursuant to Rules 8, 10, and 12 of the Federal Rules of Civil Procedure, Defendant Dillon's Bus Service, Inc. (hereinafter referred as "Dillon's" or the "Employer Defendant"), by and through its undersigned counsel, respectfully submits its Answer and Affirmative Defenses to the Complaint of Plaintiffs Timothy Kohlhaus ("Mr. Kohlhaus") and Lorretto Kohlhaus ("Ms. Kohlhaus") (collectively referred to herein as "Plaintiffs") and responds as follows:

**STATEMENT OF FACTS PERTAINING TO COBRA VIOLATIONS**

1. Admitted in part; denied in part. It is admitted only that Mr. Kohlhaus began working at Dillon's in 2014. It is further admitted, upon information and belief, that Mr. Kohlhaus received certain health benefits as a participant in a plan identified as The Local 298 AFL-CIO Health Benefit Fund – 1, Liberty Plan (hereinafter, the "Plan"). It is denied, upon information and belief, that Mr. Kohlhaus received dental insurance through the Plan, as Mr. Kohlhaus continues to participate in dental benefits sponsored by Dillon's.

2. Admitted in part; denied in part. It is admitted only that Lorretto Kohlhaus identifies as Mr. Kohlhaus' wife. The remaining averments of Paragraph 2 of the Complaint state conclusions of law to which no response is required and are, therefore, denied. To the extent they are deemed factual, they are denied.

3. Denied.

4. It is admitted only that Dillon's employed in excess of twenty (20) individuals at all times relevant to the instant action.

5. Denied. The averments of Paragraph 5 of the Complaint state conclusions of law to which no response is required and are, therefore, denied.

6. Denied. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 6 of the Complaint, and the same are, therefore, denied. By way of further response, the averments of Paragraph 6 of the Complaint state conclusions of law to which no response is required and are therefore, again, denied.

7. Denied as stated. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 7 of the Complaint relative to the specific entity within the Plan responsible for the distribution of notices required under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and the same are, therefore, denied.

8. Admitted in part; denied in part. It is admitted only that Mr. Kohlhaus last reported for work in July 2018. It is specifically denied that Mr. Kohlhaus has been separated from employment; to the contrary, he remains employed by Dillon's. The remaining averments of Paragraph 8 of the Complaint are denied.

9. Admitted in part; denied in part. It is admitted only that Mr. Kohlhaus has not been terminated, for gross misconduct or otherwise, and that the Employer Defendant understands Mr. Kohlhaus has been under the care of one or more medical professionals. The remaining averments of Paragraph 9 of the Complaint are denied, with the Employer Defendant noting that the dates identified by Plaintiffs in Paragraph 8 and Paragraph 9 of the Complaint are inconsistent.

10. Denied. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 10 of the Complaint, and the same are, therefore, denied. By way of further response, the averments of Paragraph 10 of the Complaint state conclusions of law to which no response is required and are therefore, again, denied.

11. Denied. The averments of Paragraph 11 of the Complaint state conclusions of law to which no response is required and are, therefore, denied.

12. Denied. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 12 of the Complaint, and the same are, therefore, denied. By way of further response, the averments of Paragraph 12 of the Complaint state conclusions of law to which no response is required and are therefore, again, denied.

13. Denied. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 13 of the Complaint relative to any COBRA notice received or not received by Ms. Kohlhaus, and the same are, therefore, denied. By way of further response, the averments of Paragraph 13 of the Complaint state conclusions of law to which no response is required and are therefore, again, denied.

14. Denied. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 14 of the Complaint, and the same are, therefore, denied.

15. Denied. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 15 of the Complaint, and the same are, therefore, denied. By way of further response, the averments of Paragraph 15 of the Complaint state conclusions of law to which no response is required and are therefore, again, denied.

16. Denied. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 16 of the Complaint, and the same are, therefore, denied.

17. Denied. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 17 of the Complaint, and the same are, therefore, denied.

18. Denied. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 18 of the Complaint, and the same are, therefore, denied. By way of further response, the averments of Paragraph 18 of the Complaint state conclusions of law to which no response is required and are therefore, again, denied.

19. Denied. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 19 of the Complaint, and the same are, therefore, denied. By way of further response, the averments of Paragraph 19 of

the Complaint state conclusions of law to which no response is required and are therefore, again, denied.

**JURISDICTION & VENUE**

20. Denied. The averments of Paragraph 20 of the Complaint state conclusions of law to which no response is required and are, therefore, denied.

21. Denied. The averments of Paragraph 21 of the Complaint state conclusions of law to which no response is required and are, therefore, denied.

22. It is admitted only that the Employer Defendant conducts business operations in and around Maryland. Any remaining averments of Paragraph 22 of the Complaint are denied.

**COUNT I – COBRA – FAILURE TO PROVIDE TIMELY NOTICE UNDER**

23. The Employer Defendant incorporates its answers to Paragraphs 1 through 22 of the Complaint as though stated verbatim and at length.

24. Denied. The averments of Paragraph 24 of the Complaint state conclusions of law to which no response is required and are, therefore, denied. By way of further response, Ms. Kohlhaus has never been employed by the Employer Defendant.

25. Denied. The averments of Paragraph 25 of the Complaint state conclusions of law to which no response is required and are, therefore, denied.

26. Admitted in part; denied in part. It is admitted only that Mr. Kohlhaus has not reported for work at Dillon's since July 2018. It is denied that Mr. Kohlhaus "stopped working for Defendant Dillon [sic]" – Mr. Kohlhaus remains employed by the Employer Defendant. The remaining averments of Paragraph 26 of the Complaint state conclusions of law to which no response is required and are, therefore, denied.

27. Denied. The averments of Paragraph 27 of the Complaint state conclusions of law to which no response is required and are, therefore, denied.

28. Denied. The averments of Paragraph 28 of the Complaint state conclusions of law to which no response is required and are, therefore, denied.

29. Denied. The averments of Paragraph 29 of the Complaint state conclusions of law to which no response is required and are, therefore, denied.

30. Denied. The averments of Paragraph 30 of the Complaint state conclusions of law to which no response is required and are, therefore, denied.

31. Denied. The averments of Paragraph 31 of the Complaint state conclusions of law to which no response is required and are, therefore, denied. To the extent they are deemed factual, they are denied.

32. Denied. The averments of Paragraph 32 of the Complaint state conclusions of law to which no response is required and are, therefore, denied.

33. Denied. The averments of Paragraph 33 of the Complaint state conclusions of law to which no response is required and are, therefore, denied. Further, to the extent those allegations speaking to whether Plaintiffs were "allowed" to continue coverage are deemed factual, they are denied. The Employer Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' averments as to their purported inability to obtain medical treatment and/or their alleged monetary damages, and the same are, therefore, denied.

34. Denied. It is specifically denied that Plaintiffs, or any of them, are entitled to any form of relief, including that set forth in Paragraph 34 of the Complaint.

WHEREFORE, the Employer Defendant denies that Plaintiffs are entitled to any of the relief requested in subparts (a) through (f) of Paragraph 34 of the Complaint and respectfully requests that judgment be entered in its favor and against Plaintiffs, that the case be dismissed with prejudice, and that the Employer Defendant be awarded its costs in defending this action, including a reasonable attorney's fee.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief may be granted or damages sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

At all times relevant to this litigation, the Employer Defendant acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Employer Defendant did not violate any duty to or right of any Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiffs' own acts, omissions or conduct.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damages or losses, such damages or losses were not the fault of the Employer Defendant.

SEVENTH AFFIRMATIVE DEFENSE

The Employer Defendant asserts every defense available to it under COBRA.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any punitive damages.

TENTH AFFIRMATIVE DEFENSE

The Employer Defendant did not engage in any unlawful practice or omission with respect to either Plaintiff.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is replete with allegations stating conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure and which are therefore denied, and strict proof thereof is demanded at the trial of this case.

TWELFTH AFFIRMATIVE DEFENSE

The nature, origin, causation, amount and extent of the injuries, damages and losses claimed are at issue, and the Employer Defendant demands proof of the same by Plaintiffs as required by law.

THIRTEENTH AFFIRMATIVE DEFENSE

The Employer Defendant reserves the right to assert such additional affirmative and other defenses and claims that may become known during discovery or otherwise.

WHEREFORE, the Employer Defendant respectfully request that (i) judgment be entered in the Employer Defendant's favor and against Plaintiffs, and (ii) the Complaint be dismissed with prejudice.

Respectfully submitted,

/s/ *Zachary L. Erwin*
Zachary L. Erwin (Bar No. 29045)
Ariana K. DeJan-Lenoir (Bar No. 20522)
ANDERSON, COE & KING, LLP
Seven Saint Paul Street, Suite 1600
Baltimore, MD 21202
(410) 752-1630
(410) 752-0085 (facsimile)
*erwin@acklaw.com*
*dejanlenoir@acklaw.com*

/s/ *David J. Garraux*
David J. Garraux (PA Bar No. 204350)
FOX ROTHSCHILD LLP
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
(412) 391-6585
(412) 391-6984 (facsimile)
*dkiefer@foxrothschild.com*

*Attorneys for Defendant Dillon's Bus Service, Inc.*

Dated: May 14, 2019

**CERTIFICATE OF SERVICE**

I, Zachary L. Erwin, hereby certify that on May 14, 2019, I caused a true and correct copy of foregoing *Answer and Affirmative Defenses of Defendant Dillon's Bus Service, Inc. to the Complaint of Timothy Kohlhaus and Lorretto Kohlhaus,* to be filed electronically and served upon and/or mailed to:

Richard P. Neuworth (Bar No. 01052)
Devan M. Wang (Bar No. 30211)
Lebau & Neuworth, LLC
606 Baltimore Avenue, Suite 201
Baltimore, MD 21204
*rn@joblaws.net*
*dw@joblaws.net*
Attorneys for Plaintiff

/s/ *Zachary L. Erwin*
Zachary L. Erwin (MD Bar No. 29045)